APONTE, DEMANDANTE Y APELADO, *v.* RODRÍGUEZ ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre división de comunidad de bienes.

No. 1815.—Resuelto en diciembre 23, 1918.

MENORES EMANCIPADOS—VENTA DE BIENES DE MENORES—CAPACIDAD DE UN MENOR EMANCIPADO POR RAZÓN DE MATRIMONIO PARA DEMANDAR.—Un menor emancipado por razón de matrimonio no puede enajenar o gravar sus bienes inmuebles sin el consentimiento de sus padres o tutores, y aun cuando, con arreglo al artículo 310 del Código Civil revisado, "el menor emancipado por razón de matrimonio puede comparecer ante las cortes de distrito representando sus derechos en los casos de ley," sin embargo, el menor que se halla en las condiciones antes expresadas, no podrá comparecer ante una corte y demandar a su madre viuda y sus más jóvenes hermanos no emancipados para obligar

les a vender y sacrificar así, en pública subasta, bienes reales poseídos en común con él, porque de lo contrario llegaría a realizarse así incidental e indirectamente lo que la ley expresamente prohibe, no estando el presente caso comprendido entre "los casos de ley."

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Rafael Arce.*

Abogado del apelado: *Sr. Francisco González.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Marcelino Aponte López, menor que alega estar emancipado por haber contraído matrimonio, siguió un pleito contra su madre María López Rodríguez y dos hermanos menores de edad, Carlos y Landelino Aponte López, para la venta de una casa en la que el demandante tiene un pequeño interés proindiviso y para la distribución del producto de la venta que se haga.

Se interpuso una excepción previa entre otros motivos por el fundamento de que el demandante carecía de capacidad legal para demandar, y en la contestación, después de hacer una negativa general, se alegó como "reconvención"—

"1º. Que entre los demandantes y los demandados, o sea entre las mismas partes aquí litigantes, existe pendiente ante la Honorable Corte de Distrito del Distrito Judicial de Humacao, con notoria anterioridad a la presente reclamación, la demanda enmendada que como parte complementaria e integrante de esta contestación se acompaña.   *   *   *

"2º. Que de la resolución de esa doble causa de acción pendiente, depende la actual."

En apoyo de su "reconvención" los demandados simplemente introdujeron como prueba los autos del otro pleito últimamente mencionado, aparentemente basados en la teoría de que constituye defensa válida la existencia de una acción pendiente, con arreglo al artículo 110 del Código de Enjuiciamiento Civil.

Si, como insiste el apelante, la escritura de partición introducida por el demandante en apoyo de su reclamación sobre la propiedad mostraba de su faz la falta de la aprobación judi-

cial, el juez sentenciador debió haber declarado sin lugar la demanda o por lo menos, en interés de una sustancial justicia y *ex proprio motu,* ha podido haber sugerido la consolidación de ambos pleitos o retener en suspenso su sentencia en el presente caso, pendiente la celebración del juicio del otro caso.   Sin embargo, el documento mismo no está ante nosotros y la relación narrativa de su contenido no revela la falta de sanción judicial.   Por lo tanto, nos abstenemos de hacer mayores comentarios sobre esta faz del caso.

Los artículos 307, 309 y 310 del Código Civil rezan como sigue:

"Art. 307.—La emancipación habilita al menor para regir su persona y bienes como si fuera mayor; pero, hasta que llegue a la mayor edad, no podrá el emancipado contraer promesa u obligación alguna que exceda del importe de sus rentas por un año.   Tampoco podrá gravar ni vender bienes inmuebles suyos sin consentimiento de su padre, en defecto de éste sin el de su madre, y en su caso, sin el de su tutor.   Tampoco podrá comparecer en juicio sin la asistencia de dichas personas."

"Art. 309.—El menor, sea varón o hembra, queda de derecho emancipado por el matrimonio.

"No obstante, para enajenar o hipotecar los bienes inmuebles, o tomar dinero a préstamo, necesitará el menor emancipado por razón de matrimonio, el consentimiento de su padre, en su defecto, el de su madre, y en su caso, el de su tutor.

"Art. 310.—El menor emancipado por razón de su matrimonio puede comparecer en las cortes de distrito representando sus derechos en los casos de ley."

El artículo 310 debe interpretarse en relación con los demás citados.   A menos que el menor esté emancipado por razón de matrimonio, no puede comparecer en un pleito sin la asistencia de su padre, madre o tutor.   Si está emancipado por razón de matrimonio entonces puede comparecer para representar sus derechos, solamente en aquellos casos prescritos por la ley.

En ningún caso puede enajenar o gravar sus bienes inmuebles sin el consentimiento de sus padres o tutor.   Sea

lo que fuere lo demás que se halle incluso en la frase "en los casos de ley," ello no significa que un menor emancipado por razón de matrimonio, a su voluntad y sin consideración alguna para con los mejores intereses de su madre viuda y sus más jóvenes hermanos no emancipados, pueda obligarles a sacrificar en pública subasta bienes reales poseídos en común con él y que así llegue a realizarse incidental e indirectamente lo que la ley expresamente prohibe.

Y podríamos agregar, que la prueba en este caso sólo sirve para demostrar la sabiduría del legislador al prescribir ciertas limitaciones a los efectos legales de la emancipación ora sea por razón de matrimonio o en cualquiera otra forma.

Es de revocarse la sentencia recurrida, declarándose sin lugar la demanda.

*Revocada la sentencia recurrida y declarada sin lugar la demanda.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.